UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

      Plaintiff,

v.	Case No. 15-cr-274(2) (JNE)
    ORDER

Delveccio Lavell Smith,

      Defendant.

Defendant is currently serving a prison sentence of 94 months for being a felon in possession of ammunition. He has challenged the constitutionality of his sentence under 28 U.S.C. § 2255, citing *Rehaif v. United States*, 139 S. Ct. 2191 (2019) and *United States v. Davis*, 139 S. Ct. 2319 (2019). The motion is denied because his *Rehaif* claim is procedurally defaulted and *Davis* is inapplicable to this case.

## BACKGROUND

In August 2018, Defendant pleaded guilty to one count of being a felon in possession of ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He committed the offense conduct in 2015 and remained at large until 2017, when he was arrested in Iowa on state criminal charges. *See United States v. Smith*, 787 F. App'x 911, 912 (8th Cir. 2019) (per curiam). At the time of this offense, he was on supervised release for a 2007 federal conviction of drug trafficking and discharging a firearm in furtherance of drug trafficking. *See* Order, *United States v. Smith*, Case No. 07-cr-189 (7) (JRT) (D. Minn. Sept. 25, 2015), ECF No. 1538. For the charge in this case, the Court imposed a sentence of 94 months imprisonment. For the supervised release violation in the 2007

1

case, the Court revoked his supervised release and sentenced him to an additional 14 months, consecutive to his sentence in this case. Defendant appealed his sentence as substantively unreasonable. The Eighth Circuit affirmed. *Smith*, 787 F. App'x at 913.

On September 25, 2020, Defendant filed a motion in which he argued that his guilty plea was not knowing and voluntary, citing *Rehaif*, 139 S. Ct. at 2191. The government responded and characterized Defendant's motion as one under § 2255.[1] The Court then issued an order warning Defendant that it intended to construe his motion as one under § 2255 and gave him an opportunity to amend or withdraw his motion. *See Castro v. United States*, 540 U.S. 375, 382–83 (2003). Defendant amended his motion and raised an additional challenge to his sentence under *Davis*, 139 S. Ct. at 2319.

## DISCUSSION

A federal prisoner may challenge his or her sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. Defendant's pro se motion will be construed liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and he "bears the burden of showing that he is entitled to relief." *Walker v. United States*, 900 F.3d 1012, 1015 (8th Cir. 2018).

### I. *Rehaif* Claim

In *Rehaif*, the Supreme Court held that in a prosecution under 18 U.S.C. §§ 922(g) and 924(a)(2) the government must prove that the defendant "knew he belonged to the

---

[1] On November 10, 2020 the Court received a motion from Defendant seeking to vacate his conviction because the government had not filed a timely response. The government's response was timely. The Clerk of Court is directed to terminate the November 10 motion, ECF No. 126.

relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200. Defendant was not informed of this element at the time of his guilty plea. Therefore, his "plea is constitutionally invalid because he did not understand the essential elements of the offense." *United States v. Coleman*, 961 F.3d 1024, 1027 (8th Cir. 2020). However, his claim of an invalid guilty plea is procedurally defaulted because he did not raise it on direct appeal. *See Silk v. United States*, 955 F.3d 681, 683 (8th Cir. 2020).

Defendant may only challenge a procedurally defaulted claim on collateral review by demonstrating cause and prejudice or actual innocence. *Bousley v. United States*, 523 U.S. 614, 622 (1998). Here, Defendant cannot satisfy either exception because he cannot demonstrate that he did not know he had been convicted of "a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1). Prior to his guilty plea in this case, Defendant had pleaded guilty to felony convictions and had served multiple sentences of more than one year. *See United States v. Welch*, 951 F.3d 901, 907 (8th Cir. 2020) (holding that a defendant who "received and served several prison sentences longer than one year for felony convictions" was not prejudiced by a *Rehaif* error). Because Defendant has no plausible argument that he did not know of those prior sentences, he cannot show prejudice or actual innocence. *See Clay v. United States*, 833 F. App'x 663, 663–64 (8th Cir. 2021) (per curiam).

## II. *Davis* Claim

Defendant has challenged his sentence on the grounds that it was enhanced pursuant to 18 U.S.C. § 924(c)(3)(B), which is unconstitutionally vague. *Davis*, 139 S. Ct. at 2336. However, Defendant pleaded guilty to being a felon in possession of

ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) and was not subject to an enhanced sentence under § 924(c). *Davis* is therefore inapplicable.

Defendant next argues that his guidelines were inappropriately enhanced. Defendant's base offense level was 24 because he violated 18 U.S.C. § 922(g)(1) "subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense." U.S. Sent'g Guidelines Manual ("USSG") § 2K2.1(a)(2) (2018). The two prior convictions that supported this base offense level were a 2001 conviction of first-degree aggravated robbery under Minnesota law and a 2007 federal drug charge. PSR ¶ 21. After a reduction for acceptance of responsibility, his total offense level was 21. *Id.* ¶¶ 30–32.

Construing Defendant's motion liberally, he appears to argue that a lower base offense level should have applied because, in light of *Davis*, the Sentencing Guidelines' definition of "crime of violence" is also unconstitutionally vague. The guidelines define a "crime of violence" as follows:

> The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c).

USSG § 4B1.2(a). This definition does not contain a residual clause similar to the one found unconstitutional in *Davis*, 18 U.S.C. § 924(c)(3)(B), and Defendant's prior

4

conviction of aggravated robbery clearly meets this definition. Therefore, Defendant has not established any error in his guideline calculation.

### III. Certificate of Appealability

On a § 2255 motion, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. The Court may only issue a certificate of appealability "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because *Davis* is inapplicable to this case and Eighth Circuit precedent makes clear that Defendant cannot meet an exception to procedural default on his *Rehaif* claim, a certificate of appealability is denied.

## CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Defendant's Motion to Vacate [ECF No. 123], as amended by ECF No. 130, is DENIED.

2. The Clerk of Court is directed to terminate ECF No. 126.

3. A certificate of appealability is DENIED.

Dated: May 5, 2021

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge
